IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **TERRENCE MONTREL TAYLOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00296 |
| ) | Judge Trauger |
| **JOHN CUNNINGHAM,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM AND ORDER

Terrence Taylor, an inmate of the Riverbend Maximum Security Institution (RMSI) in Nashville, Tennessee, filed a pro se Complaint for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed in forma pauperis (IFP) (Doc. No. 6) in the Eastern District of Tennessee. The Eastern District granted leave to proceed IFP, assessed the filing fee, and transferred the case to the Middle District. (Doc. Nos. 9, 10.) Since the transfer to this District, the plaintiff has filed two motions to hold the RMSI trust account custodian, Ms. A. Shaw, in contempt. (Doc. Nos. 14, 16.)

The matter is before the court for a ruling on the plaintiff's motions and an initial review of the Complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I. INITIAL REVIEW

**A. Legal Standard**

The court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42

U.S.C. § 1997e. Review of the Complaint to determine whether it states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

The plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a Section 1983 claim, a plaintiff must allege: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

**B. Plaintiff's Allegations**

The plaintiff alleges that the defendant, Sgt. John Cunningham, refused his request to call maintenance on December 4, 2021, to fix a backed-up shower drain that was causing water to flow into the plaintiff's cell. (Doc. No. 1 at 4.) He alleges that this "unclean" and "unhealthy" water continued to leak into his cell until December 28, when the plaintiff was moved to a new cell. (*Id.*) The plaintiff further alleges that Cunningham denied him medical attention and mental health treatment or maintenance on December 27, 28, and 29, 2021. (*Id.* at 3–4.) He does not identify the source of his need for medical attention or mental health treatment. On December 27, when the plaintiff's request for mental healthcare was denied, he "went on foodstrike." (*Id.* at 4.) On December 28, Cunningham packed all of the plaintiff's property and moved him to a different cell, where the plaintiff was left without a mattress, blanket, or sheets, and with his property deposited outside the cell door. (*Id.*) He states that he "was left to freeze" in the new cell "without any nurses['] assistance." (*Id.*) The plaintiff claims that he is "still on foodstrike," and requests that he be awarded ten thousand dollars and payment of his court fees as compensation for his mental and physical pain and suffering. (*Id.* at 4, 5.)

**C. Analysis**

The plaintiff's allegations imply a cause of action under the Eighth Amendment's prohibition against cruel and unusual punishments. Eighth Amendment claims, whether they challenge inhumane conditions of confinement or the denial of necessary medical care, have both an objective and a subjective component. To satisfy the objective component, the deprivation associated with the inhumane conditions, or the medical need for which care was denied, must be "sufficiently serious." *Richmond v. Huq*, 885 F.3d 928, 938 (6th Cir. 2018) (medical needs); *Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011) (prison conditions). Prison conditions, to be

sufficiently serious, must "result in the denial of the minimal civilized measure of life's necessities," *Evans*, *supra*, while sufficiently serious medical needs are those "that ha[ve] been diagnosed by a physician as mandating treatment or [are] so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citation and quotation marks omitted).

The plaintiff's allegations are insufficient to establish the objective component of his claims. He alleges that he was exposed to water leaking into his cell from a backed-up shower drain over the course of 24 days but does not allege any ill effects or other consequences from this exposure. He alleges that he was moved to a new cell without a mattress or bedding but does not state how long he was deprived of these items. He also alleges that he was denied "medical attention" and "mental health treatment [or] maintenance" on three occasions, without alleging the nature of his particular medical conditions or symptoms, the types of treatment to which he was denied access, or any particular harm he suffered as a result of this brief deprivation. Accordingly, even liberally construing the Complaint in the plaintiff's favor, he has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," as required to state a plausible claim. *Iqbal*, 556 U.S. at 678. The Complaint is therefore subject to dismissal.

Nevertheless, the court in its discretion will allow the plaintiff an opportunity to amend his pleading in order to supply additional information in support of his claims against Defendant Cunningham. See LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013) (holding "that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

## II. CONCLUSION

While the Complaint is subject to dismissal for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, the court will allow the plaintiff to file an Amended Complaint in response to this Order within **30 DAYS** of the entry of the Order. The Clerk is **DIRECTED** to provide Plaintiff with a form for filing a civil rights complaint (Pro Se Form 14).

Plaintiff is cautioned that failure to file an Amended Complaint within 30 days or to seek an extension of this deadline before it expires will result in the dismissal of this action.

With the case in this posture, and because the granting of pauper status in this case obviated any need for further trust account documentation, the plaintiff's motions to hold the account custodian in contempt (Doc. Nos. 14 & 16) are **DENIED**.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge