# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **TERRENCE MONTREL TAYLOR,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 3:22-cv-00296 |
| | ) Judge Trauger |
| **JOHN CUNNINGHAM,** | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

Terrence Taylor, an inmate of the Riverbend Maximum Security Institution in Nashville, Tennessee, filed a pro se Complaint for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed in forma pauperis (IFP) (Doc. No. 6) in the Eastern District of Tennessee. The Eastern District granted leave to proceed IFP, assessed the filing fee, and transferred the case to the Middle District. (Doc. Nos. 9, 10.)

On July 7, 2022, the court performed an initial review of the Complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. (Doc. No. 18.) The court found the Complaint subject to dismissal but allowed the plaintiff an opportunity to amend in order to supply additional information in support of his claims against Defendant Cunningham. (*Id.* at 4–5.) The plaintiff has now filed his Amended Complaint (Doc. No. 20), a new application for leave to proceed IFP and trust fund account statement (Doc. Nos. 21, 22), and an "Affidavit in Support of Motion for Restraining Order" (Doc. No. 23).

### I. IFP APPLICATION

As has previously been pointed out to the plaintiff (*see* Doc. No. 18 at 5), he has already been granted pauper status in this case. Accordingly, his new IFP application (Doc. No. 21) is

**DENIED** as moot.

## II. INITIAL REVIEW OF THE AMENDED COMPLAINT

The court must screen the Amended Complaint under the PLRA, to determine whether it states a colorable claim to relief under the standards applicable to pro se civil rights complaints against state actors under Section 1983. Those standards are set out in the court's prior order (Doc. No. 18 at 1–2) and incorporated herein by reference.

In the original Complaint, the plaintiff alleged that the defendant, Sgt. John Cunningham, refused his request to call maintenance on December 4, 2021, to fix a backed-up shower drain that was causing water to flow into the plaintiff's cell. (Doc. No. 1 at 4.) He alleged that this "unclean" and "unhealthy" water continued to leak into his cell until December 28, when the plaintiff was moved to a new cell. (*Id.*) The plaintiff further alleged that Cunningham denied him medical attention and mental health treatment or maintenance on December 27, 28, and 29, 2021. (*Id.* at 3–4.) He did not identify the source of his need for medical attention or mental health treatment. On December 28, Cunningham packed all of the plaintiff's property and moved him to a different cell, where the plaintiff was left without a mattress, blanket, or sheets, and with his property deposited outside the cell door. (*Id.*) He stated that he "was left to freeze" in the new cell "without any nurses['] assistance." (*Id.*) Upon initial review, the court found that these allegations were insufficient to establish the objective component of the plaintiff's claims challenging prison conditions and denial of medical care, and that the Complaint therefore failed to provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Doc. No. 18 at 4 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).)

In his Amended Complaint, the plaintiff repeats his previous factual allegations and clarifies both the "unclean" and "unhealthy" nature of the water flowing into his cell during

December of 2021, and the consequences of his prolonged exposure to that water. Specifically, he alleges that his "cell floor flooded with unsanitary sewer water and debris (feces and urine)," producing "noxious fumes which went on for over 23 days continuously" and caused "headaches, coughing, eye irritation, skin rash," and consequent stress and anxiety. (Doc. No. 20 at 5, 12–14.) He alleges that he submitted "numerous requests" to be seen by medical but "was refused by defendant" on December 27, 28, and 29. (*Id.* at 5, 12.) He further alleges that his requests for "maintenance, cleaning supplies, and help" were denied after he notified Cunningham that he needed assistance, and he again alleges that he was temporarily left to "freeze" when he was eventually relocated to a new cell without his personal belongings or any blanket or other bedding. (*Id.* at 12–13.)

In addition to Cunningham, the Amended Complaint names as defendants Correctional Officer Julie W. Smith and Correctional Unit Manager Robin Fish (*id.* at 2–3) and alleges that the plaintiff was mistreated by these additional defendants, but "more so by Sgt John Cunningham." (*Id.* at 14.) On January 24, 2022, Unit Manager Fish responded to the plaintiff's grievance dated December 29, 2021, by noting that the maintenance issues had been corrected and Cunningham had been removed from the unit. (*Id.* at 7, 21–22.)[1] Nonetheless, the plaintiff alleges a "failure to follow policy and procedure which was in place [and] was not enforced by unit management nor investigated which would have relieved the plaintiff, earlier, of such unconstitutionally-unhealthy living conditions[.]" (*Id.* at 14.) He renews his request for ten thousand dollars in damages and payment of his court costs and associated fees as compensation for his mental and physical pain

---

[1] Pages from the plaintiff's internal prison grievance, and the official response thereto, are attached as an exhibit to the Amended Complaint and may thus be considered on initial screening. *Hardy v. Sizer*, No. 16-1979, 2018 WL 3244002, at *2 (6th Cir. May 23, 2018) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (explaining that a district court evaluating whether a complaint fails to state a claim may consider "any exhibits attached" to the complaint)).

and suffering. (*Id.* at 5.)

Eighth Amendment claims, whether they challenge inhumane conditions of confinement or the denial of necessary medical care, have both objective and subjective components. To satisfy the objective component, the deprivation associated with the inhumane conditions, or the medical need for which care was denied, must be "sufficiently serious." *Richmond v. Huq*, 885 F.3d 928, 938 (6th Cir. 2018) (medical needs); *Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011) (prison conditions). Prison conditions, to be sufficiently serious, must "result in the denial of the minimal civilized measure of life's necessities," *Evans*, *supra*, while sufficiently serious medical needs are those "that ha[ve] been diagnosed by a physician as mandating treatment or [are] so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citation and quotation marks omitted). To satisfy the subjective component, prison officials must be alleged to have acted with deliberate indifference—that is, with "a sufficiently culpable state of mind" wherein the officials (1) know the underlying facts from which a risk of inmate harm could be inferred, (2) infer from those facts that the plaintiff is at substantial risk of serious harm, and (3) recklessly disregard that risk. *Farmer v. Brennan*, 511 U.S. 825, 835–37 (1994); *Scott v. Ambani*, 577 F.3d 642, 648 (6th Cir. 2009).

At least for purposes of initial review, the allegations of the Amended Complaint are sufficient to state colorable Eighth Amendment claims against Cunningham for subjecting the plaintiff to inhumane conditions and depriving him of needed medical care. Liberally construed in the plaintiff's favor, the Amended Complaint alleges that Cunningham—the "assigned unit corrections officer" to whom the plaintiff, per prison policy, directed several requests for assistance (Doc. No. 20 at 12)—refused to take any action to remediate a leak of raw sewage into the plaintiff's cell for more than three weeks during December 2021, and that he denied the plaintiff's

4

requests to be seen in the medical unit on December 27, 28, and 29, for treatment of symptoms (headache, cough, eye irritation, skin rash) related to sustained exposure to the sewage. (*See id.* at 5, 12–14.) Presuming the truth of these allegations, they are sufficient at this early stage to establish the objective and subjective components of the plaintiff's Eighth Amendment claims, survive initial screening, and proceed for further factual development. *Cf. Frazier v. George*, No. 1:12-CV-00128, 2014 WL 4979315, at *12 (M.D. Tenn. Oct. 6, 2014) (noting that exposure to raw sewage with accompanying physical injury may violate inmates' Eighth Amendment rights and finding factual issues preventing summary judgment even without physical injury, where plaintiff's three-month exposure to raw sewage "constitutes an obvious risk").

However, Plaintiff's allegation that Cunningham left him to "freeze" without a blanket or his personal effects for what appears to be one night after his transfer to a new cell (*see* Doc. No. 20 at 12–13, 23–24) does not support a viable Eighth Amendment claim. *See Gill v. Coyne*, No. 3:18-CV-00631-CHL, 2021 WL 4811300, at *9 (W.D. Ky. Oct. 14, 2021) (finding that exposure to cold cell without any means of staying warm for, at most, 24 hours did not constitute "conditions intolerable for prison confinement") (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348, (1981)). Nor can the plaintiff proceed with any official-capacity claim against Cunningham, a state employee, because the state's Eleventh Amendment immunity "bars a damages action against a State in federal court . . . [and] remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Finally, the Amended Complaint does not plausibly allege the liability of defendants Smith and Fish, in either their individual or official capacities. Though named as a defendant on the second page of the Amended Complaint, Correctional Officer Smith is not otherwise alleged to have taken any particular action against the plaintiff; her name is only mentioned one other time,

when she is alleged to have had some undefined, lesser involvement in his mistreatment by Cunningham. (Doc. No. 20 at 14.) "It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal as to that defendant, even under the liberal construction afforded to pro se complaints." *Green v. Correct Care Sols.*, No. 3:14-cv-01070, 2014 WL 1806997, at *4 (M.D. Tenn. May 7, 2014) (citing cases); *see also Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability.") (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991)). Likewise, aside from references to Unit Manager Fish taking corrective action in response to the plaintiff's grievance against Cunningham (Doc. No. 20 at 7, 21–22), the Amended Complaint only mentions her in the same instance as it mentions Smith, without any allegation of specific misconduct. While the Amended Complaint may be liberally construed to implicate Fish when it alleges that the plaintiff's injuries were "due to corrections officer's negligence, deliberate indifference, and failure to follow policy and procedure which was in place [but] was not enforced by unit management" (Doc. No. 20 at 14), "a supervisor cannot be held liable [under Section 1983] simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another," or because he or she merely failed to take supervisory action. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). Accordingly, the Amended Complaint fails to state a viable claim against defendants Smith and Fish, and these defendants will be dismissed from this action.

### III. AFFIDAVIT IN SUPPORT OF MOTION FOR RESTRAINING ORDER

The plaintiff has filed an "Affidavit in Support of Motion for Restraining Order" (Doc. No. 23) in which he declares under penalty of perjury that he has recently been verbally harassed by

Cunningham and other prison staff and threatened in retaliation for filing this lawsuit. He declares that Sgt. John Artrip retaliated against him by issuing disciplinary charges without evidence and convicting him on those charges, as a result of which he is now confined to his cell 24 hours per day. (*Id.* at 1–2.)

Because the plaintiff's affidavit is not accompanied by a motion seeking appropriate relief, and does not itself seek any relief, the court cannot construe it as either a motion for a temporary restraining order under Federal Rule of Civil Procedure 65(b) and Local Rule 65.01, or a motion to file an amended or supplemental pleading under Federal Rule of Civil Procedure 15. Should the plaintiff desire to make any such filing in the future, he must specifically designate the filing as a motion under the appropriate Rule and include a proper request for relief.

## IV. FURTHER PROCEEDINGS

In sum, the plaintiff's Eighth Amendment claims will be allowed to proceed against Defendant Cunningham, while his claims against Defendants Smith and Fish are **DISMISSED**.

The Clerk is **INSTRUCTED** to send the plaintiff a service packet (blank summons and USM 285 form) for Defendant Cunningham. The plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **21 days** of the date of this order. Upon return of the completed service packet, **PROCESS SHALL ISSUE.**

The court's determination that the Amended Complaint states a colorable claim for purposes of initial screening does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28

7

Case 3:22-cv-00296   Document 24   Filed 08/29/22   Page 7 of 8 PageID #: 121

U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge