UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRENCE MONTREL TAYLOR, | |
| Plaintiff, | Case No. 3:22-cv-00296 |
| v. | Judge Aleta A. Trauger |
| | Magistrate Judge Alistair E. Newbern |
| JOHN CUNNINGHAM, | |
| Defendant. | |

## MEMORANDUM ORDER

This civil rights action brought under 42 U.S.C. § 1983 arises out of pro se and *in forma pauperis* Plaintiff Terrence Montrel Taylor's incarceration at Riverbend Maximum Security Institution (Riverbend) in Nashville, Tennessee. (Doc. No. 20.) Taylor's amended complaint asserts Eighth Amendment conditions of confinement claims against Defendant John Cunningham, a Riverbend correctional officer. (*Id.*) The Court previously granted in part Taylor's motion to compel discovery and ordered Cunningham to produce certain surveillance video footage, logbooks, and Taylor's Riverbend medical records. (Doc. No. 59.) Cunningham filed a notice of compliance with the Court's order stating that he had produced redacted copies of the logbooks and medical records to Taylor via certified mail; Cunningham informed the Court that he could not produce the requested surveillance footage because it no longer exists. (Doc. No. 63.)

Taylor now has filed two additional motions to compel Cunningham's production of the same surveillance video footage, logbooks, and medical records. (Doc. Nos. 54, 69.) Cunningham responded in opposition to Taylor's motions (Doc. Nos. 58, 72). Cunningham has filed a motion for summary judgment (Doc. No. 65) supported by a memorandum of law (Doc. No. 66) and a statement of undisputed material facts (Doc. No. 64). Taylor responded in opposition to

Cunningham's summary judgment motion (Doc. No. 68) and filed two motions requesting a teleconference with the Court (Doc. Nos. 55, 70). Taylor did not respond to Cunningham's statement of undisputed material facts.

For the reasons that follow, Taylor's pending motions to compel will be denied in part and found moot in part, his motions for a teleconference will be denied without prejudice, and the Court will allow Taylor another opportunity to respond to Cunningham's summary judgment motion and statement of undisputed material facts.

## I. Relevant Background

### A. Taylor's Motions to Compel

In his amended complaint, which is the operative pleading in this action, Taylor alleges that, in December 2021, Cunningham refused to remediate a leak of raw sewage into Taylor's cell for more than three weeks and denied Taylor's requests for medical care to treat symptoms related to the sewage exposure. (Doc. No. 20.) Specifically, Taylor alleges that, on December 4, 2021, the shower drain in the D-pod cell where he was housed "began spewing toxic sewage water, urine, and feces." (*Id.* at PageID# 88.) Taylor complained to Cunningham about the leak, but Cunningham refused to help. Taylor was not moved into a new cell in Riverbend's B pod until December 28, 2021. (Doc. No. 20.) Taylor further alleges that "[b]reathing [the] toxic fumes caus[ed] headaches, coughing, eye irritation, [and a] skin rash" and that Cunningham denied his repeated requests for medical assistance for these conditions. (*Id.* at PageID# 81.) The Court granted Taylor's application to proceed *in forma pauperis* and screened Taylor's amended complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e, finding that it states colorable Eight Amendment claims against Cunningham in his individual capacity. (Doc. No. 24.) The Court dismissed all other claims in Taylor's amended complaint. (*Id.*)

After Cunningham answered Taylor's amended complaint (Doc. No. 30) and the Court

entered a scheduling order (Doc. No. 31), Taylor filed a "Motion for Production Order (Notice of

Defendant's Failure to Comply With Requests for Production of Video Tape and Other

Evidence)[,]" which the Court construed as a motion to compel discovery. (Doc. Nos. 39, 59.)

Taylor stated that Cunningham had failed to comply with his requests to produce Taylor's

Riverbend medical records and Riverbend surveillance video and logbooks from December 4, 27,

28, and 29, 2021, and asked the Court to order Cunningham to produce these records. (Doc.

No. 39.) On June 5, 2023, the Court issued a memorandum order addressing Taylor's motion to

compel as well as other discovery motions.[1] (Doc. No. 59.) The Court granted Taylor's motion in

part and ordered Cunningham to produce Riverbend surveillance footage from December 27, 28,

and 29, 2021; redacted copies of Riverbend's logbooks from December 4, 27, 28, and 29, 2021,

showing Cunningham's presence in specific Riverbend locations; and Taylor's Riverbend medical

records. (*Id.*) On July 5, 2023, Cunningham filed a notice of compliance with the Court's order,

stating that he "contemporaneously produced" redacted copies of the Riverbend logbooks and

Taylor's Riverbend medical records to Taylor "via certified mail [.]" (Doc. No. 63, PageID# 396.)

Cunningham informed the Court that he could not produce the requested surveillance footage

because it was automatically deleted by April 1, 2022, at the latest, pursuant to Riverbend and the

Tennessee Department of Correction's (TDOC) ninety-day retention policy. (*Id.*) In support of this

assertion, Cunningham attached a sworn declaration from Riverbend Electronics Security

---

[1]     The Court's memorandum order addressed five other motions: Taylor's motion to compel
non-parties Riverbend Warden Tony Mays, Riverbend Internal Affairs Officer Kelly Hunt, and
Riverbend Medical Director Kyla Solomon's production of surveillance video footage, medical
records, logbooks, and incident reports (Doc. No. 46); Taylor's motion to compel Cunningham's
responses to two sets of interrogatories (Doc. No. 49); Taylor's motions for a status conference
(Doc. Nos. 43, 46-1); and Taylor's motion for a jury trial (Doc. No. 48). (Doc. No. 59.)

Specialist Kevin O'Neill describing Riverbend's electronic video surveillance system and Riverbend's and TDOC's policies for deleting video footage from that system. (Doc. No. 63-1.)

Taylor filed two more motions to compel, seeking production of the same surveillance video footage, logbooks, and medical records at issue in his earlier motion to compel and the Court's memorandum order addressing that motion.[2] (Doc. Nos. 54, 69.) In the first of the two pending motions, Taylor seeks production of Riverbend surveillance video footage from December 4, 27, and 28, 2021; Riverbend logbooks from December 27 and 28, 2021; and all of his Riverbend medical records. (Doc. No. 54.) Taylor's second motion to compel is nearly identical to the first pending motion, with the exception of one additional request: production of Riverbend surveillance video footage from December 29, 2021. (Doc. No. 69.) Cunningham responded in opposition to Taylor's motions to compel. (Doc. Nos. 58, 72.)

**B.      Cunningham's Motion for Summary Judgment**

Cunningham filed a motion for summary judgment (Doc. No. 65) supported by a memorandum of law (Doc. No. 66) and a statement of undisputed material facts (Doc. No. 64). Cunningham argues that summary judgment is appropriate because Taylor has failed to establish the required elements for his Eight Amendment condition-of-confinement and denial of medical care claims and Taylor has failed to establish that he suffered an actual injury necessary to seek monetary damages. (Doc. No. 66.) Taylor responded to Cunningham's summary judgment motion (Doc. No. 68) reiterating the arguments made in his motions to compel and failing to address Cunningham's motion on the merits. Taylor has not filed a separate response to Cunningham's statement of undisputed material facts. Cunningham filed a reply. (Doc. No. 72.)

---

[2]      Taylor filed one of his two pending motions to compel (Doc. No. 54) before the Court issued its memorandum order compelling Cunningham's production and before Cunningham filed his notice of compliance with the Court's order.

### C. Taylor's Motions for an Electronic Teleconference with the Court

Taylor filed two identical motions styled "Motion for Electronic Teleconference with Magistrate (in Camera) to Settle Affidavit of Prejudice Issues Thwarting Plaintiff's Efforts to Comply with the Court's Scheduling Order." (Doc. Nos. 55, 70.) In his motions, Taylor asks the Court to set a teleconference to address: "1. [Cunningham's] non-compliance with requests for discovery[;] 2. [Cunningham's] non-answers to interrogatories[;] 3. Freedom of Information (FOIA) and other requests for production of evidence not complied with[; and] 4. Witness failing to be interviewed or make statements." (Doc No. 55, PageID# 321; Doc. No. 70, PageID# 444.) Cunningham filed a response in opposition to Taylor's motions arguing that there is no need for a teleconference. (Doc. No. 72.)

## II. Analysis

### A. Taylor's Motions to Compel and Taylor's Response in Opposition to Cunningham's Motion for Summary Judgment

#### 1. Motions to Compel

Taylor's pending motions to compel again argue that Cunningham failed to comply with Taylor's requests for production of the same Riverbend surveillance video footage, logbooks, and medical records at issue in Taylor's prior motion to compel and the Court's memorandum order addressing that motion. (Doc. Nos. 54, 69.) The Court addresses each request in turn.

#### a. Surveillance Video

Taylor asks the Court to compel Cunningham's production of Riverbend surveillance video footage from December 4, 27, 28, and 29, 2021, showing Cunningham's presence in specific Riverbend locations. (Doc. Nos. 54, 69.) Cunningham has offered a sworn declaration stating that the requested surveillance video footage no longer exists because it was automatically overwritten pursuant to Riverbend and TDOC's ninety-day video retention policy. (Doc. No. 63-1.)

Cunningham asserts that the deletion occurred before Cunningham, Riverbend, or TDOC knew of Taylor's claims in this action, and argues that he therefore did not have a duty to preserve the footage. (Doc. No. 63.) Taylor has not challenged Cunningham's statement that the surveillance footage no longer exists or the supporting declaration, has not argued that Cunningham's failure to preserve it was improper, and has not presented any evidence or argument to contradict Cunningham's assertions that he did not have a duty to preserve the footage.[3] "[T]he Court cannot compel [a] [d]efendant[ ] to produce 'items that [he] does not have or that do not exist.'" *Rucker v. Lindamood*, No. 1:16-cv-00090, 2018 WL 1522402, at *3 (M.D. Tenn. Mar. 28, 2018) (quoting *Allison v. Mavic, Inc.*, No. 5:13-CV-180, 2014 WL 12650099, at *3 (E.D. Ky. Oct. 30, 2014)).

Consequently, the Court will deny Taylor's motions to compel in part with respect to the Riverbend surveillance video footage from December 4, 27, 28, and 29, 2021.

### b. Medical Records and Logbooks

Taylor asks the Court to compel Cunningham's production of Taylor's Riverbend medical records and Riverbend logbooks from December 27 and 28, 2021. Cunningham represented to the Court in his notice of compliance that he produced redacted copies of these logbooks and medical records to Taylor via certified mail on July 5, 2023. (Doc. No. 63.) Taylor has not argued that he did not receive this production. His most recent motion to compel, which he filed after Cunningham's notice of compliance, merely repeats Taylor's prior assertions in his various motions to compel that Cunningham never responded to his discovery requests for these documents. (Doc. No. 69.)

---

[3]      Taylor filed the second of his two pending motions to compel (Doc. No. 69) after the Court issued its memorandum order compelling production and after Cunningham filed his notice of compliance with the Court's order stating that the footage had been overwritten and arguing that Cunningham had no duty to preserve it. Taylor therefore had an adequate opportunity to respond to Cunningham's assertions.

Consequently, because Cunningham has represented to the Court that he produced the requested medical records and logbooks to Taylor and Taylor has not challenged that assertion, Taylor's motions to compel will be found moot in part with respect to his requests for the medical records and logbooks.

### 2. Taylor's Response in Opposition to Cunningham's Motion for Summary Judgment

As Cunningham points out (Doc. No. 72), Taylor's response in opposition to Cunningham's motion for summary judgment merely reiterates Taylor's arguments in support of his motions to compel and does not address Cunningham's summary judgment arguments. The Court further notes that Taylor has not filed a separate response to Cunningham's statement of undisputed material facts as required by this Court's Local Rules.

Local Rule 56.01 requires any party opposing a motion for summary judgment to respond to each fact set forth by the movant in its statement of undisputed facts, by either "(1) [a]greeing that the fact is undisputed; (2) [a]greeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (3) [d]emonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record." M.D. Tenn. R. 56.01(c) (response to statement of facts). The Local Rules further provide that "[t]he response must be made on the document provided by the movant or on another document in which the nonmovant has reproduced the facts and citations verbatim as set forth by the movant." *Id.* Under Local Rule 56.01(f), the Court must deem any undisputed asserted facts as true for purposes of summary judgment. M.D. Tenn. R. 56.01(f) (failure to respond) ("If a timely response to a moving party's statement of material facts . . . is not filed within the time periods provided by these rules, the asserted facts shall be deemed undisputed for purposes of summary judgment.").

Taylor has not complied with Local Rule 56.01(f) and did not file a timely response in opposition to Cunningham's motion for summary judgment that addresses Cunningham's arguments on the merits. Applying the liberal construction afforded to pro se filings, the Court construes Taylor's response as referring to the motions to compel that were outstanding at the time his response was due to be filed. Because the Court has resolved those motions in this Order, and out of an abundance of caution, the Court will afford Taylor an opportunity to respond to Cunningham's summary judgment arguments on the merits and to respond to the statement of undisputed material facts as Local Rule 56.01 requires.

### B. Taylor's Motions for Electronic Teleconference with the Court

Taylor filed two identical motions for a teleconference with the Court. (Doc. Nos. 55, 70.) Taylor states that he is unable to access a law library and certain documents he needs to effectively prepare for this case. He further states that certain witnesses still need to be located and respond to his requests for testimony. Taylor argues that a teleconference with the Court "will expedite the case and settle pre-trial issues[,]" including the discovery issues raised in his motions to compel and questions about trial witnesses' testimony. (Doc Nos. 55, 70.) Cunningham argues that the Court has already resolved most of these issues and that a teleconference is not necessary. (Doc. No. 72.)

Cunningham is correct that the Court has already addressed most of the discovery issues Taylor asks to discuss, and the Court finds that Taylor's request to discuss trial witness testimony is premature. Should this action survive Cunningham's pending motion for summary judgment, Taylor will have the opportunity to raise issues regarding his proof at trial in pretrial filings and at the pretrial conference.

The Court will therefore deny Taylor's motions for a teleconference without prejudice.

**III.** **Conclusion**

Accordingly, Taylor's motions to compel (Doc. Nos. 54, 69) are DENIED IN PART AND FOUND MOOT IN PART. Taylor's request for Riverbend surveillance video footage is DENIED. Taylor's request for Riverbend logbooks and his Riverbend medical records is FOUND MOOT.

Taylor's motions to set a teleconference with the Court (Doc. Nos. 55, 70) are DENIED WITHOUT PREJUDICE.

Taylor is ORDERED to file any response to Cunningham's motion for summary judgment and statement of undisputed facts by October 17, 2023. Cunningham may file an optional supplemental reply within 14 days of service of Taylor's response.

Taylor is warned that failure to respond in opposition to Cunningham's motion for summary judgment will likely result in a recommendation that the Court dismiss this, either for the reasons articulated in Cunningham's motion for summary judgment or for Taylor's failure to prosecute his claims under Federal Rule of Civil Procedure 41(b).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge